IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:02-cr-20 |
| | ) | |
| -vs- | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION AND ORDER** |
| Corey James Baker, | ) | **FOR TRANSPORT** |
| | ) | |
| Defendant. | ) | |

Following a referral from the undersigned judge, Defendant Corey James Baker appeared before the Magistrate Judge for a hearing on alleged violations of supervised release conditions. The Court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that the Court find Baker violated conditions of supervised release and that he be required to complete a placement at a residential re-entry center for a period of up to 12 months along with the imposition of certain additional conditions (Doc. #147). Following the filing of the Report and Recommendation, the Court notified the parties that it was contemplating the imposition of a search provision during the period of supervision (Doc. #149). Neither party objects to the recommended disposition or the Court's proposed additional conditions.

The Court has reviewed the Report and Recommendation, along with the entire file, and finds the Magistrate Judge's recommendations are appropriate. Accordingly, the Court hereby adopts the Report and Recommendation in its entirety. For the reasons set forth therein, the Court finds Baker violated conditions of supervised release and his conditions of supervised release should be modified. The Court, therefore, **ORDERS** as follows:

(1) That Baker complete a placement at a residential re-entry center for a period of up to 12 months at a facility determined by the supervising probation officer, with the actual length of placement determined by the supervising probation officer.

(2) That Baker be required to participate in alcohol and drug treatment, and aftercare, while in the re-entry center placement.

(3) That Baker's term of supervised release continue through its scheduled completion date.

(4) That while on supervised release, Baker submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation Officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. Mr. Baker shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(5) Baker shall continue to abide by any supervised release condition previously ordered by the Court which is not otherwise modified by this Order.

**IT IS FURTHER ORDERED** that the United States Marshals Service transport Baker to the residential re-entry placement on February 6, 2012, which the supervising probation officer has identified as Centre, Inc. in Mandan, North Dakota.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012.

                                                            /s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court